

**ATTWOOD CORLETT LLC**
1 Kalisa Way, Suite 207
Paramus, NJ 07652
Phone: 201.979.0010
Fax: 201.979.0020

**Erik M. Corlett**
**Member**
ecorlett@attwoodcorlett.com
Direct: 201.979.0014

February 3, 2025

**Via CM/ECF**
Hon. Evelyn Padin, U.S.D.J.
Martin Luther King Building
 & U.S. Courthouse
50 Walnut Street, Room 4C
Newark, New Jersey 07102

      Re:    **Doe v. South Orange-Maplewood School District,**
                **Civil Action No. 25-439-EP-JRA**

Dear Judge Padin:

      This office represents defendant, the South Orange-Maplewood Board of Education (the "Board of Education"), in the above-referenced matter. Pursuant to the Court's text order (ECF No. 4) and Your Honor's Judicial Preferences, please accept this letter as defendant's request for the Court to hold a pre-motion conference concerning defendant's desire to file a motion to dismiss those portions of plaintiff's Amended Complaint that seek to hold the Board of Education liable for alleged violation of New Jersey's Child Sex Abuse Act ("CSAA"), N.J.S.A. 2A:61B-1, for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).

      At the outset, I apologize for previously prematurely filing the proposed motion without submitting a pre-motion request for a conference. I also note at the outset that I have consulted with plaintiff's counsel in an attempt to resolve the issue that defendant seeks to raise in the motion to dismiss without motion practice by providing counsel with the legal authority upon which the motion to dismiss would be based, however we have been unable to resolve the issue on consent to date.

Hon. Evelyn Padin, U.S.D.J.
February 3, 2025
Page 2

In this matter, plaintiff, proceeding as John Doe, seeks to recover for personal injuries alleged to have resulted from the intentional sexual assault of plaintiff, occurring in 2014 during the summer before plaintiff's sophomore year at Columbia High School. Plaintiff alleges he was sexually assaulted on one occasion by a then-teacher at Columbia High School, Nicole Dufault ("Dufault"), in a vehicle parked in a school parking lot. *Am. Comp.* at ¶¶ 38-47.

Plaintiff filed his original Complaint on September 20, 2024, in the New Jersey Superior Court, Law Division, Essex County. On January 7, 2025, after the Board of Education filed a partial motion to dismiss, including to dismiss the count asserted under the CSAA, plaintiff filed an Amended Complaint, adding a claim for alleged violation of civil rights under 42 U.S.C. § 1983. The Board of Education then removed the action to this Court.

Count Two alleges that the Board of Education stood "in loco parentis" to plaintiff and "failed in its fiduciary duty to protect Plaintiff from sexual abuse by Defendant Dufault." *Am. Comp. Count, Two*, ¶¶ 87, 90. Count One of the Amended Complaint also references the CSAA, however the allegations sound in negligence. *See Am. Comp., Count One*.

The claim asserted against the Board of Education under the CSAA must be dismissed because, as a matter of law, the Board of Education is not a "person standing in loco parentis within the household" subject to liability under the statute, and there can be no breach of fiduciary duty claim against a public school district as a matter of law.

As applicable in this case, which involves allegations of abuse occurring in 2014,[1] the CSAA provided that "[a] parent, resource family parent, guardian or *other person standing in loco parentis within the household* who knowingly permits or acquiesces in sexual abuse by any other person also commits sexual abuse." N.J.S.A. 2A:61B-1(a)(1) (emphasis added). In order for an entity to be held liable

---

[1] Effective December 1, 2019, the CSAA was amended to permit passive abuser claims to be raised against a public school by removing the requirement that the abuser stand in loco parentis "within the household" to impose liability. However, the amendments have been held to be prospective amendments, such that claims arising from conduct that occurred prior to December 1, 2019, are still subject to the "within the household" element.

Hon. Evelyn Padin, U.S.D.J.
February 3, 2025
Page 3

under the statute, it must qualify as a "passive abuser," which requires the defendant to be "(1) a person (2) standing in loco parentis (3) within the household." *J.P. v. Smith*, 444 N.J. Super. 507, 521 (App. Div.), *certif. denied*, 226 N.J. 212 (2016).

As a matter of law, a public school district, such as the Board of Education here, is not a "person standing in loco parentis within the household" within the purview of N.J.S.A. 2A:61B-1(a)(1), and cannot be held liable as a passive abuser under the statute. *J.P.*, 444 N.J. Super. at 522-23; *see also D.M. v. River Dell Reg'l High Sch.*, 373 N.J. Super. 639, 649 (App. Div.), *certif. denied*, 188 N.J. 326 (2004); *V.R. v. Bergen Cnty. Prosecutor's Off.*, 2024 WL 3874052, at *15 (D.N.J. Aug. 19, 2024) (CSAA claims arising from conduct prior to amendment dismissed because public schools are not in loco parentis as a matter of law under the pre-amendment version of the CSAA).

Plaintiff's Amended Complaint also alleges that the Board of Education is liable under the CSAA because it "failed in its fiduciary duty to protect Plaintiff from sexual abuse by Defendant Dufault." *Am. Comp.*, ¶ 90. A claim for an alleged "breach of fiduciary duty" against a school/board of education is not viable as a matter of law because public schools do not owe fiduciary duties to their students, but instead owe a duty of reasonable care. *Frugis v. Bracigliano*, 177 N.J. 250, 257, 270 (2003). As such, any claim for alleged breach of fiduciary duty should not proceed, and this provides an additional basis for the dismissal of any CSAA claim.

Based on the above legal authority, defendant seeks permission to file a motion to dismiss claims raised under the CSAA and/or for breach of fiduciary duty if the parties cannot resolve the issue on a consensual basis at a pre-motion conference.

We thank the Court for its consideration of this matter.

                                        Respectfully submitted,

                                        *s/Erik M. Corlett*
                                        ERIK M. CORLETT

cc:    James H. Davis, III, Esq. (via CM/ECF)

Hon. Evelyn Padin, U.S.D.J.
February 3, 2025
Page 4

## CERTIFICATION OF SERVICE

    On this date I caused an electronic copy of Defendant's letter requesting a pre-motion conference to be held to be filed via CM/ECF and served electronically via ECF and email upon counsel of record for plaintiff, James H. Davis, III, Esq. (jhdavis@calldac.com).


Dated: February 3, 2025　　　　　　By:　s/ Erik M. Corlett
　　　　　　　　　　　　　　　　　　　Erik M. Corlett
　　　　　　　　　　　　　　　　　　　**ATTWOOD CORLETT LLC**
　　　　　　　　　　　　　　　　　　　1 Kalisa Way, Suite 207
　　　　　　　　　　　　　　　　　　　Paramus, New Jersey 07652
　　　　　　　　　　　　　　　　　　　*Attorneys for Defendant*
　　　　　　　　　　　　　　　　　　　*South Orange-Maplewood*
　　　　　　　　　　　　　　　　　　　*Board of Education*